THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| JUAN MONTOYA | § | CASE NO. 18-40157-R |
| XXX-XX-8557 | § | |
| 11001 COUNTY ROAD 4027 | § | CHAPTER 13 |
| KEMP, TX  75143 | § | |
| | § | |
| DEBTOR | § | |

### ORDER DENYING CONFIRMATION OF CHAPTER 13 PLAN AND DISMISSING CHAPTER 13 CASE WITH PREJUDICE TO REFILING FOR 120 DAYS WITH RETENTION OF JURISDICTION

ON THIS DATE, the Court considered the confirmation of the Chapter 13 Plan proposed by the Debtor in the above captioned case.  For the reasons set forth below, confirmation of the Chapter 13 Plan should be denied.

The Court finds that the following has occurred:

The Court finds that the Debtor failed to confirm the Chapter 13 Plan within the time period designated by the Court.  The failure of the Debtor to confirm a Chapter 13 Plan in this case after two confirmation hearings having been set constitutes an unreasonable delay by the Debtor that is prejudicial to creditors. Such failure constitutes just cause for the dismissal of this case with prejudice to refiling pursuant to 11 USC §349(a) and §1307(c).

In addition, the Court recognizes that a Motion for Administrative Expenses, or an equivalent thereof, filed by the Debtor's attorney is currently pending before the Court or may be filed within the next fourteen (14) days.  Accordingly, pursuant to the authority expressed in *Querner v. Querner (In re Querner)*, 7 F.3d 1199 (5th Cir. 1993), the Court finds and concludes that just cause exists for the entry of the following order.

Further, the Court recognizes pursuant to Rule 9023 of the Feberal Rules of Bankruptcy Procedure, the {Debtor/s} may seek relief from the Court's dismissal of this case with prejudice by filing within the next fourteen (14) days a Motion to Amend to remove the "with prejudice" language from the Order Denying Confirmation and Dismissing Chapter 13 Case.

IT IS THEREFORE ORDERED that confirmation of the Chapter 13 Plan proposed by the Debtor is DENIED.

IT IS FURTHER ORDERED that the above-referenced Chapter 13 case is DISMISSED WITH PREJUDICE to the re-filing of any petition under Title 11, United States Bankruptcy Code, by the above-referenced Debtor for a period of one hundred twenty (120) days from the entry of this order, <u>provided</u>, <u>however</u>, that this case shall remain open and the Court shall retain jurisdiction to entertain and to determine: (1) all requests for relief by any party in interest tp amend the "with prejudice" language so long as any such request is filed before the expiration of fourteen (14) days after the entry of this order; and (2) the compensation is filed before the expiration of fourteen (14) days after the entry of this order pertaining thereto which may be appropriate under the circumstances.

IT IS FURTHER ORDERED that any wage withholding orders previously entered in this case are hereby terminated.

IT IS FURTHER ORDERED that, pursuant to 11 USC §1326(a)(2):

1. the pre-confirmation adequate protection payments which have been previously tendered by the Debtor to the Standing Chapter 13 Trustee for the benefit of creditor(s) holding an allowed claim secured by personal property retained by the Debtor as set forth in the Debtor's most recent filed Chapter 13 plan as of the date of this Order shall be forwarded by the Standing Chapter 13 Trustee to the applicable secured creditor(s) that hold a filed and allowed claim as of the date of this Order in the monthly amount specified by the Debtor in the most recently-proposed Chapter 13 plan as of the date of this Order;

2. funds thereafter remaining on deposit with the Standing Chapter 13 Trustee, if any, shall first be applied to the payment of all approved administrative expenses, to be distributed on an equivalent basis until such time as a claim has been paid in full, unless a different distribution priority has been authorized under any prior order of the Court; and

3. following the full satisfaction of all allowed administrative expenses, if applicable, any funds remaining in the Standing Chapter 13 Trustee's possession shall be distributed to the Debtor.

Signed on 12/3/2018

_____ SR
HONORABLE BRENDA T. RHOADES,
UNITED STATES BANKRUPTCY JUDGE

APPROVED AS TO FORM:

/s/ Mark Toronjo
TORONJO & PROSSER LAW
Attorney for Debtor

REASONS FOR DENIAL:
__ Debtor/Debtors' counsel did not appear at hearing
X  Payment delinquency
__ Other: _____

PLA_Order_ConfDeniedDismissed (07/1